IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFERY DEAN,<br><br>          Plaintiff,<br><br>vs.<br><br>ERIC TICE, Superintendent, SCI- Somerset, et al.,<br><br>          Defendants. | Civil Action No. 3:19-cv-113<br>United States District Judge<br>Stephanie L. Haines<br><br>Chief United States Magistrate Judge<br>Cynthia Reed Eddy |

## **MEMORANDUM ORDER**

This matter was referred to Chief Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §636, and Local Civil Rule 72.

This is an action brought by Plaintiff Jeffery Dean, a Pennsylvania Department of Corrections ("DOC") inmate housed at SCI-Somerset, who alleges that prison officials have unlawfully confiscated or denied him access to a book and fourteen comic books because Defendants have determined that the publications contain "explicit sexual material" or "nudity," in violation of DOC policy. In his Second Amended Complaint (ECF 34), Plaintiff alleges Defendants' conduct has violated his First Amendment right to freedom of the press and freedom of expression. On September 30, 2019, Plaintiff filed a letter which the Court deemed a Motion for Preliminary Injunction/Temporary Injunction Order (ECF No. 10). In that motion, Plaintiff alleges that since filing his Complaint, Defendants improperly denied him two additional books. Plaintiff states he appealed the Facility Manager's decision on the books to the Secretary's Office for Inmate Grievances and Appeals, which will refer the matter to the Office of Policy, Grants & Legislative Affairs. Plaintiff alleges that he needs injunctive relief "in place before they make their

1

decision." Defendants filed a brief in opposition arguing the Plaintiff failed to state a claim for injunctive relief (ECF No. 62), and Plaintiff then filed a brief in support of the motion for preliminary injunction (ECF No. 65).

On September 22, 2020, Chief Magistrate Judge Eddy filed a Report and Recommendation at ECF No. 67 recommending that Plaintiff's request for injunctive relief should be denied. Specifically, the report found that Plaintiff failed to show that he would suffer irreparable harm if the injunction was denied, a requisite element for the issuance of preliminary injunctive relief. The parties were notified that pursuant to 28 U.S.C.§636 (b), Fed. R. Civ. P. 6(d) and 72(b)(2) and LCvR 72.D.2, Defendants had until October 7, 2020, to file objections because they are electronically registered parties and Plaintiff had until October 13, 2020, to file objections because he is a non-electronically registered party. No party has filed objections and the time to do so has expired.

After a review of Plaintiff's Motion for Preliminary Injunction/Temporary Injunction (ECF No. 10), Defendants' Brief in Opposition (ECF No. 62), Plaintiff's Brief in Support of his Motion (ECF No. 65), all documents of record of this matter, and the Report and Recommendation (ECF No. 67) under the "reasoned consideration" standard, see *EEOC V. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), the Court will accept in whole the findings and recommendations of the Chief Magistrate Judge in this matter.

To obtain the "extraordinary remedy" of a preliminary injunction, the moving party must establish: "(1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharms., Inc. v. Andrx*

*Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief. *Acierno v. New Castle Cnty.*, 40 F.3d 645, 655 (3d Cir. 1994). Furthermore, because of the "complex and intractable problems of prison administration," a request for injunctive relief in the prison context calls for caution and judicial restraint. *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995); *see also* 18 U.S.C. § 3626(a)(2). In this case, Chief Magistrate Judge Eddy properly found that Plaintiff failed to meet his burden to show that he will suffer irreparable harm if the injunction is denied. Indeed, the record reflects that Plaintiff's requested relief can be redressed through his underlying action to obtain his confiscated property. Chief Magistrate Judge Eddy appropriately denied Plaintiff's request for preliminary injunctive relief.

Accordingly, the following order is entered:

AND NOW, this 23rd day of October, 2020, for the reasons set forth in the Chief Magistrate Judge's Report and Recommendation (ECF No. 67), which is adopted in whole as the opinion of the Court, it is ORDERED that Plaintiff's Motion for Preliminary Injunction/Temporary Injunction (ECF No. 10) is DENIED.

Stephanie L. Haines
United States District Judge